# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RUSSELL D. LUKAS,

    *Plaintiff*,

v.

FEDERAL COMMUNICATIONS
COMMISSION,

    *Defendant*.

Case No. 1:19-cv-465-RCL

## MEMORANDUM OPINION

In February of 2019, plaintiff Russell D. Lukas filed suit against the Federal Communications Commission ("FCC"). ECF No. 1. In June of 2019, he filed an Amended Complaint alleging three counts against the defendant. ECF No. 12. Count I of the Amended Complaint alleges that the FCC failed to act on his appeal under the Freedom of Information Act ("FOIA") (5 U.S.C. § 552). Count II seeks declaratory judgment under the Declaratory Judgment Act (28 U.S.C. § 2201) that the Universal Service Administrative Company ("USAC") is not a government agency subject to FOIA. Count III alleges that the FCC improperly redacted a document that he is entitled to under FOIA. The FCC filed a motion to dismiss Counts I and II of the Amended Complaint and for summary judgment on Count III of the Amended Complaint. ECF Nos. 5 & 13. Mr. Lukas also filed a cross-motion for partial summary judgment on Counts I and II. ECF No. 19. Upon consideration of all motions, oppositions, and replies, the Court will **GRANT** Defendant's Motion to Dismiss and for Summary Judgment (ECF Nos. 5 & 13), meaning that Counts I and II will be dismissed with prejudice and that summary judgment will

be entered in favor of defendant on Count III.[1] The Court will **DENY** Plaintiff's Cross-Motion for Partial Summary Judgment (ECF No. 19).

## BACKGROUND

In May of 2017, Mr. Lukas sent the FCC a FOIA request for a document that had been filed with USAC by Windstream Communications, LLC ("Windstream"). USAC had denied universal service funding to three healthcare providers in rural Texas that had selected Windstream as their telecommunications service provider, and Mr. Lukas sought Windstream's written appeal of that denial. In September of 2017, the FCC's Wireline Competition Bureau ("the Bureau") issued a letter responding to the request, which stated that the Bureau had located a 52-page responsive document, of which it produced 45 pages. The Bureau withheld some pages after concluding that they fell within FOIA Exemption 7(E), and additional material was redacted under Exemptions 6 and 7(E). On October 31, 2017, plaintiff filed an application for review of the Bureau's decision, but while that application was pending, the FCC's Office of General Counsel provided plaintiff with most of the materials that the Bureau had withheld. Mr. Lukas amended his application for review in May of 2018 to clarify that only Exhibit E of Windstream's appeal was still being withheld from him. He amended his application for review again several months later, explaining that Windstream had given him a redacted copy of Exhibit E.

Upon learning that Mr. Lukas had been given all of the documents that he sought except for the redactions in Exhibit E, the Bureau informed Mr. Lukas in November of 2018 that his

---

[1] Defendant originally filed its motion to dismiss Counts I and II and for summary judgment on Count III on May 6, 2019 (ECF No. 5). Once plaintiff filed his Amended Complaint (ECF No. 12), defendant submitted an updated version of its motion on June 19, 2019 (ECF No. 13). Therefore, the Court will grant both ECF No. 5 and ECF No. 13 so that the Complaint (ECF No. 1) and the Amended Complaint (ECF No. 12) are disposed of.

2

challenge regarding the unredacted pages was moot. The Bureau also explained that it would not disclose the redacted information due to FOIA Exemption 4, as the redacted information contained confidential commercial or financial information that would harm Windstream's competitive position. The Bureau further instructed him that if he wished to appeal the agency's determination regarding Exemption 4, he needed to file an application for review within 90 calendar days. Mr. Lukas never filed such an application.

On February 25, 2019, Mr. Lukas filed his Complaint, which alleged the three counts explained above. On March 29, 2019, the FCC's General Counsel dismissed plaintiff's application for review of the Bureau's September of 2017 decision as moot and further explained that even if plaintiff had sought review of the November of 2018 decision, he would not have received any information not already in his possession. On April 8, 2019, the FCC received a letter from Windstream's counsel requesting that the agency continue to withhold the material that Windstream had redacted from Exhibit E due to the highly sensitive nature of the information (such as Windstream's pricing strategy, negotiating positions, and sales history). Plaintiff shortly thereafter sent the FCC a letter stating that Windstream had failed to justify its request for confidential treatment.

On May 2, 2019, the FCC's Office of General Counsel provided Mr. Lukas with a partially redacted copy of Exhibit E. The document that the FCC disclosed included one additional piece of information that had been redacted in the copy Windstream previously provided to him in 2018, but other than that, the redactions were identical. On May 6, 2019, the FCC moved for dismissal of Counts I and II and for summary judgment on Count III. The Court granted leave for plaintiff to amend his Complaint, though the Amended Complaint asserts the same three claims that Mr. Lukas made in his original Complaint.

# **LEGAL STANDARD**

**I. Motion to Dismiss**

In order for a plaintiff to have Article III standing to survive a motion to dismiss, three elements must be met: (1) the plaintiff must have suffered a concrete injury, (2) the defendant must have caused the injury, and (3) a favorable ruling must be likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Even if the defendant was the but-for cause of a concrete injury to the plaintiff, the Court must dismiss the claim if a favorable ruling would not redress that injury. Because federal courts are courts of limited jurisdiction, a court must dismiss any case over which it lacks subject-matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). In the administrative law context, an administrative appeal is often a prerequisite to judicial review. When that is the case, a plaintiff who does not file such an application for review has failed to exhaust his or her administrative remedies, and the Court must dismiss for lack of subject-matter jurisdiction. Similarly, the Court must dismiss any claim that is moot, as a favorable ruling would not redress the alleged injury. The Court has no discretion over dismissing claims that lack subject-matter jurisdiction, as failure to dismiss such claims would violate Article III of the Constitution.

**II. Summary Judgment**

Summary judgment is appropriate under Rule 56(a) when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56(a)). The burden is on the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In the FOIA context, most cases are resolved at the summary judgment stage. *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). Typically, agencies submit sworn declarations

explaining the basis for withholding or redacting documents. *See McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). Agency declarations are entitled to "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 692 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Once the Court determines that an agency has released all non-exempt material, it has no further judicial function to perform under FOIA, so any claims based on that non-exempt material must be dismissed. *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

## ANALYSIS

As explained below, the Court finds that Counts I and II are moot and will therefore grant the agency's motion to dismiss those counts. The Court also finds that the agency is entitled to judgment as a matter of law on Count III and will therefore grant the agency's motion for summary judgment on that count.

**I. Count I Will Be Dismissed as Moot.**

In Count I, Mr. Lukas claims that the FCC violated his rights under FOIA by failing to act on his administrative appeal. The FCC argues that Count I is moot because he obtained the pages that he sought under FOIA, with the exception of the redactions in Exhibit E. Looking first at pages other than Exhibit E, that aspect of Mr. Lukas's claim is moot, as he has received all of those documents. All the Court can do in the FOIA context is order improperly withheld documents to be disclosed, but seeing as the FCC has already turned over those documents, such an order would be redundant and would not redress any injury. This means that the third element of the standing doctrine is not satisfied, and the Court has no jurisdiction over the pages that

5

were already disclosed. As for the redactions in Exhibit E, Mr. Lukas failed to properly file an administrative appeal regarding that specific decision. Although he filed an appeal regarding the agency's September of 2017 decision, he never filed an appeal of the November of 2018 decision, which is when the agency specifically made its findings regarding Exemption 4 and the redactions in Exhibit E. Therefore, the allegation that the FCC failed to act on his administrative appeal is untenable, as his appeal regarding documents other than Exhibit E became moot when the FCC turned them over, and Mr. Lukas failed to properly appeal the redactions in Exhibit E.

Plaintiff argues that Count I is not moot because the Court can still "provide an equitable remedy for the FCC's continuing FOIA violation." ECF No. 17 at 9. He contends that the FCC's General Counsel does not have the authority to dismiss an appeal, and the Court should issue an order enjoining this supposedly unlawful practice from being repeated. Courts have the authority to stop an unlawful agency practice from being repeated if a plaintiff brings a successful pattern-or-practice claim; however, Mr. Lukas did not explicitly do so, nor did he allege sufficient facts in his Amended Complaint to survive a motion to dismiss on a pattern-or-practice claim. Outside of the pattern-or-practice context, the Court may do "nothing more" than "order the production of agency records." *Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010). Once an agency produces the requested records, "the substance of the controversy disappears and becomes moot since [the] disclosure which the suit seeks has already been made." *Crooker v. United States Dep't of State*, 628 F.2d 9, 10 (D.C. Cir. 1980). Under FOIA, it does not matter how "fitful or delayed the release of information" was. *Perry*, 684 F.2d at 125. Once the agency turns over "all requested records . . . federal courts have no further statutory function to perform." *Id.* Although the Court has reason to believe that the FCC could have been more efficient throughout this process, that does not give the Court the authority to issue an injunction against the FCC. Absent

a proper pattern-or-practice claim, the Court only has jurisdiction to review the case that is actually before it.

Even if the allegations in Count I were not moot, Mr. Lukas would still fail on the merits. It is true that the statute gives a FOIA requester the right to appeal an adverse decision "to the head of the agency." 5 U.S.C. § 552(a)(6)(A)(III)(aa). It would, however, defy logic to say that the head of an agency may not delegate the authority to handle appeals. The FCC is led by a multi-member commission, and these commissioners cannot be expected to review every FOIA appeal individually. No reasonable person would ever expect the Secretary of State to spend his or her time pouring over FOIA appeals—it is expected that he or she will delegate that authority to another person or group within the State Department. The same principle applies to the FCC. Delegation is inherently reasonable, and Mr. Lukas can cite no case law that holds otherwise. Plaintiff also relies on the Communications Act of 1934, which requires the FCC to decide applications for review filed "within such time and in such manner as the Commission shall prescribe" and states that "every such application shall be passed upon by the Commission." 47 U.S.C. § 155(c)(4). This provision, however, does not require the FCC to pass upon applications for review that are procedurally defective—such procedurally defective applications are (as previously explained) moot. Therefore, the FCC's decision to delegate authority to the General Counsel ensures (at least in theory) that all appeals are decided efficiently after being afforded full and fair consideration.

## II. Count II Will Be Dismissed for Lack of Article III Standing.

In Count II, Mr. Lukas seeks declaratory judgment under the Declaratory Judgment Act (28 U.S.C. § 2201) that USAC is not a government agency subject to FOIA and that documents in its possession are therefore not agency records under FOIA. Plaintiff lacks standing to bring

7

this claim. Specifically, he fails the third standing requirement, as declaratory judgment would not redress his supposed injury. Even if he had standing, however, Count II would still fail as a matter of law.

In his Opposition to Defendant's Motion to Dismiss and for Summary Judgment, he asserts that his alleged injury is not any failure on the agency's part to disclose the information that he seeks, but rather the FCC's practice of requiring "FOIA requests with the Bureau to inspect materials in the possession of USAC." ECF No. 17 at 31. He argues that such requests are "extremely burdensome, time-consuming, and costly" and would be unnecessary if the Court enjoined the FCC's practice. *Id.* at 31-32. As the government aptly points out, however, this is not the type of harm that FOIA seeks to prevent. FOIA's "mandate" is "to 'provide for open disclosure of public information' and to 'allow citizens to be informed about what their government is up to.'" *Elec. Privacy Info. Ctr. v. United States Dep't of Commerce*, 928 F.3d 95, 103 (D.C. Cir. 2019) (quoting *Baldrige v. Shapiro*, 455 U.S. 345, 352 (1982)). To demonstrate the type of injury required for standing under FOIA, Mr. Lukas must show (1) that he has been deprived of information that FOIA requires the government or a third party to disclose; and (2) that by being denied that information, he suffers the type of harm Congress sought to prevent by requiring disclosure. *Id.* (quoting *Friends of Animals v. Jewell*, 828 F.3d 989, 992 (D.C. Cir. 2016)). Mr. Lukas admits that the harm alleged in Count II is not about being denied access to information that he believes he is entitled to under FOIA. Rather, the harm that he alleges in Count II is being forced to submit FOIA requests to obtain documents. Because FOIA is specifically intended to prevent injuries caused by the government's refusal to turn over information, Count II does not state a cognizable injury under FOIA.

Additionally, even if Mr. Lukas had Article III standing, Count II would still fail because he is not seeking information to which he claims FOIA entitles him. In his Opposition to Defendant's Motion to Dismiss and for Summary Judgment, he argues that Count II is not moot because he is challenging an FCC policy or practice to which he is likely to be subjected in the future. *See* ECF No. 17 at 32, 33-35. As previously explained in the analysis of Count I, Mr. Lukas failed to allege a pattern-or-practice violation of FOIA. Although he explains that this FOIA suit is part of his broader efforts to prove that the FCC violated the Government Corporation Control Act (31 U.S.C. § 9201) and the Communications Act of 1934 (47 U.S.C. § 155(c)(1)) when it authorized USAC to act as an agency with respect to the administration of the Universal Service Fund, the Court can only look at the issue that is actually before it. The Court cannot do anything about alleged violations of other statutes that are not in question in this lawsuit, even if this FOIA request is somehow related to proving that the FCC violated statutes other than FOIA. Furthermore, even if Mr. Lukas were making a pattern-or-practice claim, it would fail because he has not alleged that he has any outstanding FOIA requests with the FCC. The mere allegation that he "is likely to continue to represent clients before USAC and is likely to be subjected to the FOIA Policy or Practice again" (Amended Complaint ¶ 115) is insufficient to establish the requisite likelihood of future injury.

### III. The Agency is Entitled to Summary Judgment on Count III.

In Count III, Mr. Lukas alleges that the FCC redacted Exhibit E without justification, thus violating FOIA. The agency asserts that Exhibit E falls within Exemption 4. To support its decision to redact the document, the government submitted the declaration of Jeffrey S. Steinberg ("Steinberg Declaration") explaining that the FCC's Office of General Counsel reasonably determined that the redacted material falls within Exemption 4 because it contains

sensitive material regarding its owner's pricing strategy, negotiating positions, and sales history. Steinberg Decl. ¶ 12. The Steinberg Declaration is entitled to the standard presumption of good faith, which it is Mr. Lukas's burden to overcome. He has failed to do so. Although there were certainly delays processing this request, delays in and of themselves are not indications of bad faith. *See, e.g., Chase v. United States Dep't of Justice*, F. Supp. 3d 146, 158 (D.D.C. 2018). The fact that the FCC eventually provided all of the documents that he requested undermines plaintiff's accusations of bad faith. Additionally, the fact that the FCC disclosed an additional piece of information in Exhibit E that Windstream wanted to redact also undermines the bad faith argument, as it shows that the agency did not merely turn over a carbon copy of the document that Windstream gave him.

Plaintiff also complains that the FCC invoked Exemption 4 before Windstream specifically asserted its commercial sensitivity. Although Windstream's assertion of commercial sensitivity is helpful to the FCC's decision to redact Exhibit E, it was not necessary in order for this Court to uphold the redactions, as FOIA allows the agency to make its own determinations regarding what information should be withheld or redacted under any of FOIA's nine exemptions. Furthermore, just because the agency initially based the redactions in Exhibit E on other exemptions does not make its ultimate decision regarding Exemption 4 improper, nor does it demonstrate bad faith. Agencies are (and should be) permitted to change their minds as they process FOIA requests—if the FCC had not been permitted to alter its decisions throughout this process, Mr. Lukas would not have received the documents that that were initially withheld pursuant to the agency's original decision in September of 2017. Therefore, Mr. Lukas has not proven bad faith, and the Court finds the Steinberg Declaration sufficient to prove that the FCC is entitled to summary judgment on Count III.

## CONCLUSION

Based on the foregoing, the Court will **GRANT** Defendant's Motion to Dismiss and for Summary Judgment (ECF Nos. 5 & 13). The Court will **DENY** Plaintiff's Cross-Motion for Partial Summary Judgment (ECF No. 19).

It will be **ORDERED** that Counts I and II of the Amended Complaint are **DISMISSED** with prejudice.

It will be further **ORDERED** that summary judgment is entered in favor of defendant on Count III, thereby **DISMISSING** Count III with prejudice.

A separate Order accompanies this Memorandum Opinion.

Date: 3/5/2020

Royce C. Lamberth
United States District Court Judge